IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY L. KIRKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-074 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. For the reasons set forth herein, defendant's motion for summary judgment [doc. 11] will be denied. Plaintiff's motion for summary judgment [doc. 9], which only seeks remand under sentence four of 42 U.S.C. § 405(g), will be granted.[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment . . . reversing the decision of the Commissioner of Social Security . . . remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Plaintiff applied for benefits in August 2004, claiming to be disabled by back problems. [Tr. 55, 66]. He alleged a disability onset date of November 24, 2003. The applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in June 2006.

Later that month, the ALJ issued a decision denying plaintiff's claim. The ALJ determined, at step two of the sequential evaluation process, that plaintiff has degenerative disc disease of the lumbar spine. The ALJ deemed that condition "severe" but not equal to any impairment listed by the Commissioner. [Tr. 16-17]. The ALJ rejected an assessment submitted by one of plaintiff's treating physicians, mistakenly attributing that opinion to a one-time examining source with a similar name. [Tr. 20]. Finding plaintiff unable to return to his past relevant work, the ALJ relied on vocational expert testimony in concluding that plaintiff retained the residual functional capacity to perform a significant number of light jobs. [Tr. 21]. Accordingly, plaintiff was deemed ineligible for benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 5]. The ALJ's ruling became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981.

II.

*Applicable Legal Standards*

A claimant is entitled to disability insurance payments under the Social Security Act if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability is evaluated pursuant to a five-step analysis summarized by the Sixth Circuit as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. §

404.1520). Claimants bear the burden of proof at the first four steps. *See Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id*.

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters*, 127 F.3d at 528. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

### III.

*Analysis*

The administrative record indicates that Dr. Hasmukh Kanabar is one of plaintiff's treating physicians. [Tr. 201-15]. In February 2006, Dr. Kanabar submitted a Medical Source Statement which, if adopted, would appear to preclude all full-time work. [Tr. 306-09]. Dr. Kanabar's assessment is Exhibit 13F of the administrative record. [Tr. 2]

The ALJ mistakenly attributed Dr. Kanabar's opinion to Dr. Sam Kabbani, a neurologist who saw plaintiff on only a single occasion. [Tr. 20, 246-52]. In rejecting Dr. *Kanabar's* opinion, the ALJ stated

> that Dr. *Kabbani*, the claimant's treating neurologist, opined the claimant could lift less than ten pounds, stand and walk less than two hours, and sit no more than twenty minutes at one time (Exhibit 13F). . . . However, this opinion is evidently based on the claimant's complaints as his opinion is not supported by his treatment notes. Indeed, Dr. Kabbani stated that objective evidence failed to show etiology for the claimant's persistent complaints of pain (Exhibit 10F). . . .

4

[Tr. 20] (emphasis added). Plaintiff argues that the ALJ's mistaken reasoning is insufficient to survive substantial evidence review, and the court agrees.

Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment[.]" SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). As part of any "careful evaluation" and "informed judgment," an ALJ is required to set forth a valid basis for rejecting the opinion of a treating physician. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); 20 C.F.R. § 404.1527(d)(2). Dismissing the assessment of treating physician *Kanabar* based on the limited records of misidentified consulting physician *Kabbani* is not a valid basis in this case.[2]

As for the ALJ's reasoning that "Dr. Kabbani stated that objective evidence failed to show etiology for the claimant's persistent complaints of pain (Exhibit 10F)," that too is incorrect. The statement regarding "no finding suggestive of an etiology for the patient's persistent pain" is actually found in a report by *Dr. David Chaffin* [Tr. 253, Exhibit 11F] rather than in the records of Dr. Kabbani (Exhibit 10F) or Dr. Kanabar (Exhibit 7F).

Nonetheless, the Commissioner argues that any error was harmless. To find harmless error, there must be at least *some* discernable indirect support for the challenged rejection, such as:

---

[2] Adding to the confusion, in his brief to this court the Commissioner refers to Dr. Kanabar and/or Dr. Kabbani as "Dr. Kanaba." [Doc. 12, p. 7].

5

1. The medical opinion was so patently deficient that no reasonable fact-finder could have credited it;

2. The ALJ elsewhere adopted the opinion;

3. An earlier decision by the ALJ adequately addressed the issue; or

4. The ALJ's reasoning could be inferred from his overall discussion of the condition.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004); *Hall v. Comm'r of Soc. Sec.*, No. 04-5572, 2005 WL 2139890, at *6-9 (6th Cir. Sept. 2, 2005).

None of the *Wilson/Hall* grounds are present in this case. The ALJ did not elsewhere adopt Dr. Kanabar's opinion nor did he address it in a prior ruling. Dr. Kanabar's assessment is not strikingly deficient on its face. Lastly, as noted above, the reasoning "inferred from [the] overall discussion" is quite flawed. The court accordingly does not find harmless error, and this case will be remanded to the Commissioner for further evaluation.

In passing, it is additionally noted that the ALJ found plaintiff's credibility to be diminished to the point that it was "impossible to rely on [his] testimony." [Tr. 19]. One of the reasons given is that plaintiff continues to use smokeless tobacco despite treating physician Dennis Ford's "recommendations" to the contrary. [Tr. 19]. As the ALJ correctly observed, a claimant's "statements may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). However, "the treatment" referenced in SSR 96-7p must be both "prescribed" and in response to a

claimant's attempts to seek a remedy "for pain or other symptoms[.]" *Id.* In the present case, Dr. Ford's statements regarding smokeless tobacco are "recommendations" rather than prescriptions, and they do not appear to be in response to the condition (back pain) for which plaintiff seeks treatment from that physician. It is unclear to the undersigned how the Commissioner deems tobacco usage relevant to plaintiff's complaints of back pain. As SSR SSR 96-7p goes on to instruct,

> *. . . The reasons for the credibility finding must be grounded in the evidence* and articulated in the determination or decision. . . . The determination or decision must contain specific reasons for the finding on credibility, *supported by the evidence in the case record*, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. ***This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision***.

*Id*. at *4 (emphasis added).

"[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (quotation and citations omitted). "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Misidentification of physicians and their records, along with citation to irrelevant bad habits, is not indicative of "a full and fair hearing" in the instant case.

7

Subsequent evaluations and hearings in this case shall be performed by a different ALJ. The court also notes plaintiff's criticism of the vocational expert testimony used at his prior hearing. That issue need not be ruled upon, as even a favorable determination would merely provide an unnecessary and cumulative basis for remand. However, in light of plaintiff's concerns, the court directs that a different vocational expert will be employed on remand.

Going forward, it is anticipated that the Commissioner will provide a significantly more careful consideration of plaintiff's administrative record. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge