UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTHONY L. KIRKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-74 |
| | ) | (JORDAN/SHIRLEY) |
| | ) | |
| MICHAEL J ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of Plaintiff Anthony Kirkland's Petition for Award of Fees [Doc. 17], filed February 14, 2008. Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $2,601.30 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

On January 17, 2008, United States District Judge Leon Jordan entered an Order granting Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. 15].

Four conditions must be met before an attorney is entitled to EAJA attorney's fees:

    1. Plaintiff must be a prevailing party;

    2. The government's position must be without substantial justification;

> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In turn, the Commissioner filed a Response, stating he did not oppose Plaintiff's request for EAJA attorney's fees, thereby conceding that the government's position in this matter was not substantially justified. [Doc. 20]. Further, I am not aware of, and have not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust.

On February 14, 2008, Plaintiff moved for a total fee amount of $2,601.30.[1] [Doc. 18]. The Commissioner filed his Response to Plaintiff's Petition for Fees on February 21, 2008 [Doc. 20]. In his Response, Defendant does not oppose Plaintiff's request for attorney's fees and stated Plaintiff is entitled to $2,601.30 for attorney's fees and $359.28 for costs.

---

[1] 16.1 attorney hours at $159.00 per hour and .9 paralegal hours at 46.00 per hour.

Based upon the foregoing, Plaintiff's Petition for Award of Fees **[Doc. 17]** is **GRANTED** and will be entered, awarding Plaintiff the amount of $2,601.30 for attorney's fees and $359.28 for costs.

**IT IS SO ORDERED.**

**ENTER:**

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge